IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:09CR6
                                        (STAMP)
RICHARD ALLEN WILLIAMS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING DEFENDANT'S OBJECTIONS**

I.   Procedural History

The defendant, Richard Allen Williams, was named in a single-count indictment and a forfeiture allegation charging him with possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The defendant filed a motion to suppress oxycodone pills discovered by police during a search of the defendant's vehicle. The government filed a response in opposition.

On June 15, 2009, United States Magistrate Judge James E. Seibert conducted an evidentiary hearing on this matter. Magistrate Judge Seibert thereafter entered a report and recommendation recommending that the defendant's motion to suppress evidence be denied because there was probable cause for the warrantless search of the defendant's vehicle, and the search was incident to a lawful arrest. The magistrate judge informed the parties that if they objected to any portion of his proposed

findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of his recommendation.  The defendant filed objections.  For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety and overrules the defendant's objections.[1]

## II. Facts

On January 6, 2008, the defendant, his girlfriend Aimee Robosson, and his father were shopping at Cabela's retail store in Ohio County, West Virginia.  Cabela's asset protection division was specifically focused on the camouflage section of the store because of recent losses of exchanger masks in that section.  At the time that the defendant was shopping, Aaron Bonham, Michael Rock, and Tom Weyrauch were working in the asset protection unit.

Bonham and Weyrauch observed via the cameras the defendant pick up an exchanger mask and proceed to a fitting room.  When the defendant exited the fitting room, Bonham and Weyrauch could not see the exchanger mask, and Rock immediately went to the fitting room where he found an empty exchanger mask package.  Bonham and Weyrauch, thus, continued to watch the defendant on cameras.  The defendant and Robosson approached the checkout line.  Because Bonham and Weyrauch did not see the defendant purchase an exchanger

---

[1] This memorandum opinion and order follows and confirms, in more detail, the pronounced ruling of this Court made at the Rule 11 plea hearing conducted on July 30, 2009.

2

mask, Rock and Weyrauch stopped the defendant as he tried to exit Cabela's and took him to the asset protection unit office.

At the evidentiary hearing, Bonham testified that the defendant called Robosson on his cell phone, advised her that he had been detained, and instructed her to get in the truck and leave. The persons in the asset protection unit informed the defendant that they had seen him enter the fitting room with the exchanger mask and leave without it. The defendant initially denied that he had shoplifted the exchanger mask, but he then stated that he had given the mask to Robosson. After further questioning, the defendant eventually pulled the exchanger mask from the front of his pants and gave it to Bonham. Before the defendant revealed the exchanger mask, however, the asset protection unit had twice called the Ohio County Sheriff. The sheriff was first called concerning the shoplifting of the exchanger mask, and then again called about Robosson leaving with the shoplifted merchandise.

Ohio County Sheriff's Deputy Chad Clatterbuck was dispatched to Cabela's and advised that a female was leaving Cabela's with the stolen merchandise in a white Ford Explorer truck. As the deputy arrived at Cabela's, he saw a white Ford Explorer begin to exit the front of the store. He immediately turned on his lights, and after the Ford Explorer stopped, he approached the truck. Deputy Clatterbuck asked Robosson for permission to search the truck, but she denied permission. The defendant was then brought to the

truck, and the defendant consented to the deputy searching the vehicle as long as he was present. When the defendant, Robosson, and the defendant's father started talking loudly, however, the deputy ordered that the defendant be taken back inside and called for backup. The defendant subsequently revoked his consent to the search of the vehicle if he could not be present.

After backup arrived, Deputy Clatterbuck began to search the vehicle for stolen merchandise and found 526 oxycodone pills in a small compartment in the back seat area. The deputy was not advised by anyone from Cabela's that the stolen exchanger mask had been recovered. The vehicle was then towed, a search warrant was obtained, and a further search pursuant to the warrant was conducted.

At the evidentiary hearing, when asked what probable cause he believed that he had for the warrantless search of the Ford Explorer, Deputy Clatterbuck responded that he was informed by Cabela's personnel that the defendant had said he passed merchandise to Robosson and advised her to leave the premises. The defendant confirmed these statements and said, "Yes I told him that," in response to whether he had said that he gave the stolen merchandise to Robosson.

Robosson testified that when the defendant called her on her cell phone, he merely told her that he had been detained for shoplifting and suggested that she and his father should go get a cup of coffee. Furthermore, Robosson testified that Rock said to

4

this effect, if not verbatim, in general and to nobody in particular, "I don't know why [defendant] is being detained. We have recovered what he took."

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Here, the defendant filed timely objections to the magistrate judge's report recommending denial of the defendant's motion to suppress evidence. Accordingly, this Court reviews these matters de novo.

### IV. Discussion

The defendant contends in his motion to suppress that his rights under the Fourth Amendment of the United States Constitution were violated when Deputy Clatterbuck conducted the search of the defendant's vehicle. Specifically, the defendant argues that a search incident to a lawful arrest is only permissible when (1) it is reasonable to believe that evidence relevant to the crime of arrest might be found in the vehicle, and (2) when the person arrested is unsecured and within reach of the passenger compartment at the time of the search. The defendant contends that neither of these requirements were met when Deputy Clatterbuck searched the

defendant's vehicle.  The government responds that the search of the vehicle was lawful because the deputy had reasonable belief that evidence related to shoplifting was in the truck based upon two statements made by the defendant: (1) that the defendant passed stolen merchandise to Robosson, and (2) that the defendant instructed Robosson to leave while he was detained.

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is 'per se unreasonable . . . subject only to few specifically established and well-delineated exceptions.'" Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).  One such exception to the warrant requirement is the search incident to arrest exception. Under this exception, "police may search incident to arrest only the space within an arrestee's 'immediate control,' meaning 'the area from within which he might gain possession of a weapon or destructible evidence.'"  Arizona v. Gant, 129 S. Ct. 1710, 1714 (2009).  Nevertheless, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relative to the crime of arrest might be found in the vehicle.'"  Id. (quoting Thornton v. United States, 531 U.S. 615, 632 (2004)).

Here, Deputy Clatterbuck had probable cause to search the defendant's vehicle incident to his arrest.  Upon being detained, the defendant stated to Cabela's employees that he had given the

stolen merchandise to Robosson who had left the store. The evidence also establishes that the defendant telephoned Robosson and advised her to leave the premises. Before arriving to the scene, Cabela's employees informed Deputy Clatterbuck that Robosson possessed the stolen merchandise and that she was traveling in a white Ford Explorer. Only after pulling the vehicle over, and confirming with the defendant that he told Cabela's employees that Robosson had the stolen merchandise, did Deputy Clatterbuck then proceed to search the vehicle. At no time before this search was Deputy Clatterbuck informed that the stolen merchandise had been recovered. Thus, in light of the Supreme Court's holding in Gant, this Court finds that Deputy Clatterbuck had probable cause to search the defendant's vehicle incident to his arrest because it was "reasonable to believe that evidence of the offense of arrest might be found in the vehicle." Id. at 1714. Accordingly, the defendant's objections must be overruled, and the magistrate judge's report and recommendation denying the defendant's motion to suppress is affirmed and adopted in its entirety.

## V. Conclusion

After a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the defendant's objections thereto lack merit. Accordingly, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety and OVERRULES the defendant's objections thereto.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: July 31, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE